

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-08-426-CR

PARKS WALTER HUNTER, III                     APPELLANT

V.

THE STATE OF TEXAS                           STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

After waiving a jury and entering an open plea of guilty, appellant Parks Walter Hunter, III appeals his conviction and twelve-year sentence for possession with intent to deliver cocaine. We affirm.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel

------

[1] See Tex. R. App. P. 47.4.

avers that, in his professional opinion, the appeal is frivolous.  Counsel's brief

and motion meet the requirements of *Anders v. California*[2] by presenting a

professional evaluation of the record demonstrating why there are no arguable

grounds for relief.  We gave appellant the opportunity to file a pro se brief, and

he has not filed one.  The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw

on the ground that the appeal is frivolous and fulfills the requirements of

*Anders*, this court is obligated to undertake an independent examination of the

record.[3]  Only then may we grant counsel's motion to withdraw.[4]

We have carefully reviewed the record and counsel's brief.  We agree

with counsel that this appeal is wholly frivolous and without merit; we find

---

[2]... 386 U.S. 738, 87 S. Ct. 1396 (1967).

[3]... *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

[4]... *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

nothing in the record that might arguably support the appeal.[5] Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 25, 2009

---

[5] *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State,* 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

3